UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>CARLTON ROARK,<br>                         Debtor,<br>SAN DIEGO COUNTY CREDIT UNION,<br>                         Plaintiff,<br>      v.<br>CARLTON ROARK,<br>                         Defendant. | Case No.: 3:19-cv-0344-AJB-MSB<br><br>**ORDER AFFIRMING THE BANKRUPTCY'S COURT RULING AND DISMISSING DEBTOR'S APPEAL** |

Before the Court is Carlton Roark's notice of appeal from an order of the bankruptcy court. (Doc. No. 1.) For the reasons stated herein, the Court affirms the bankruptcy court's ruling and dismisses Roark's appeal.

### I. BACKGROUND

Because San Diego County Credit Union's ("SDCCU") brief details the case's background, the Court cites it here for context. SDCCU filed a defamation lawsuit based on defamatory comments it found on the internet that it later discovered were being made by Roark. (Doc. No. 9 at 7.) State litigation commenced and ended when the state court entered termination sanctions on Roark for destruction of evidence in violation of a

preservation order. (*Id.*) The state court also entered default judgment against him. (*Id.*) The state court found Roark "intentionally and maliciously defamed SDCCU" and caused SDCCU harm. (*Id.*) The California court of appeal affirmed these findings. (*Id.*)

Roark then initiated bankruptcy proceedings, which found that "the debt resulting from the judgment obtained by SDCCU in state court is non-dischargable pursuant to Section 523(a)(6) of the Bankruptcy Code because it arises from Roark's willful and malicious defamatory behavior." (*Id.*) "The state court's findings covered every element required to establish non-dischargeability under Section 523(a)(6)." (*Id.*) SDCCU argues "[t]hose findings were entitled to preclusive effect in the bankruptcy proceedings." (*Id.*)

SDCCU filed a motion for summary judgment in bankruptcy court, which it granted. (Doc. No. 1 at 8–9.) In the bankruptcy court's order, it found: (1) there were no genuine issues of material fact; (2) "the factual findings of the state court [were] entitled to collateral estoppel in this proceeding;" (3) the *Rooker-Feldman* doctrine barred Roark's affirmative defenses; and (4) the extrinsic fraud exception to the *Rooker-Feldman* doctrine is inapplicable. (*Id.*) SDCCU notes that Roark did not assert the extrinsic fraud exception in his opposition to SDCCU's summary judgment but waited until oral argument. (Doc. No. 9 at 8.)

Roark now appeals the bankruptcy's court summary judgment order. (Docs. No. 1, 8 at 7.) Roark's primary argument is that the bankruptcy court "failed to recognize extrinsic fraud on the court." (Doc. No. 8 at 7.)

## II. LEGAL STANDARDS

A bankruptcy court's summary judgment ruling is reviewed de novo. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005). De novo review means that this Court considers the matter as the bankruptcy court did, determining whether Roark offered any admissible evidence to show a triable issue of material fact sufficient to deny summary judgment. *See Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy LLC)*, 583 B.R. 494, 500 (B.A.P. 9th Cir. 2018) ("We may affirm on any ground supported by the record, regardless of whether the

bankruptcy court relied upon, rejected or even considered that ground."), citing *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

In the bankruptcy court, a party is entitled to summary judgment if it can establish that there is "no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. § 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Even though the moving party is not required to negate its opponent's claim, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 323, 325.

Once a party moves for summary judgment with competent evidence, the nonmoving party may not rely solely on his complaint but must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. § 56(e); *Celotex*, 477 U.S. at 325. That said, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). "[T]he mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985).

### III. DISCUSSION

SDCCU raises several arguments in its response to Roark's opening brief in which they argue the bankruptcy court correctly decided its motion for summary judgment in its favor.

### A. Waiver of Affirmative Defenses

First, SDCCU argues Roark waived review of the affirmative defenses raised in his

3

bankruptcy court opening brief because he fails to challenge the bankruptcy court's ruling on those defenses in his opening brief to this court. (Doc. No. 9 at 14–15; *see* Doc. No. 8.) Normally, a court will not consider arguments not raised and argued in its opening brief. *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir. 2009). Here, Roark only addresses the extrinsic fraud exception in his brief to the court. (Doc. No. 8.) Thus, the Court agrees that review of his other defenses are barred.

### B. Collateral Estoppel

Second, SDCCU asserts the bankruptcy court "properly concluded that the debt to SDCCU arising from the state court judgment is not dischargeable because it arises from Roark's willful and malicious defamatory behavior." (Doc. No. 9 at 16–18.) Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A judgment against a bankruptcy debtor resulting from a defamation case may meet this standard. *Muse v. Day (In re Day)*, 409 B.R. 337 (2009); *Johnston v. Elbaum (In re Elbaum)*, 22 Fla. L. Weekly Fed. B 231 (U.S. Bankr. S.D. Fla. 2009).

In determining whether a debt is for a willful injury, the court must determine whether the debtor subjectively intended to harm the creditor or had a subjective belief that harm was substantially certain. *In re Su*, 290 F.3d 1140, 1143–44 (9th Cir. 2002). SDCCU argues that the state court considered this issue and found that "[b]y making these statements, Roark clearly intended to injure SDCCU by damaging its reputation in the community. Moreover, even had Roark not intended to damage SDCCU's reputation, the nature of Roark's statements makes it substantially certain that harm was to occur." (Doc. No. 9 at 16 (quoting the underlying proceeding Dkt. 28-3 at 3).) Accordingly, SDCCU asserts Roark's actions were "undoubtedly willful pursuant to Section 523(a)(6)." (*Id.*) The Court agrees with the state court's finding of willfulness.

The element of maliciousness must be determined separately from willfulness. *Su*, 290 F.3d at 1146. For an injury to be deemed "malicious" the following elements must be met: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4)

is done without just cause and excuse. *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005). "[I]t is the wrongful act that must be committed intentionally rather than the injury itself." *Id.* Here, SDCCU notes the state court made specific conclusions finding that Roark made the statements with a malicious intent to cause harm, that the false defamatory statements did cause harm, and that Roark's statements were wrongful and intentional acts. (Doc. No. 9 at 17.) The Court agrees that these findings are indicative of maliciousness.

Finding that the state court established the two elements under 523(a)(6), the Court agrees with SDCCU that those findings are entitled to collateral estoppel effect. (*Id.*) *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991) (holding that the doctrine of collateral estoppel applies in non-dischargeability proceedings); *McCurdie v. Strozewski (In re Strozewski)*, 458 B.R. 397, 403–04 (Bankr. W.D. Mich. 2011) (while the bankruptcy court must make its own determination regarding the dischargeability of a debt, that determination may be governed by factual issues which were decided in a prior proceeding). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state where the judgment was issued. *In re Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995). Under California law, "[c]ollateral estoppel precludes re-litigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). Collateral estoppel applies if the following five requirements are met: (1) the issue sought to be precluded from re-litigation must be identical to that decided in the former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as or in privity with, the party to the former proceedings. *In re Harmon*, 250 F.3d 1240 (9th Cir. 2001).

SDCCU argues these requirements are met. (*Id.* at 18.) The Court agrees. First, the issue of dischargeability is identical to the defamation issue discussed by state court in its

findings of willfulness and maliciousness. Second, the parties litigated the issue fully in state court. Third, the state court made final judgments regarding Roark's willful and malicious injury in its determination on the defamation claim. Fourth, the state court's judgment was final and on the merits. And finally, the parties here are the same as state litigation. Thus, the Court finds the state court's findings were entitled to collateral estoppel effect and the bankruptcy court was correct in granting summary judgment to SDCCU on these grounds. (Doc. No. 1 at 8.)

### C. The Extrinsic Fraud Exception to the *Rooker-Feldman* Doctrine

Third, SDCCU argues the *Rooker-Feldman* exception applies and bars Roark from reversing the state court's findings. (Doc. No. 19 at 18.) The *Rooker-Feldman* doctrine is a judge-made doctrine interpreting federal jurisdictional statutes and establishing the principle that the lower federal courts have no jurisdiction to review state court judgments. *Henrichs v. Valley View Dev.*, 747 F.3d 609, 613 (9th Cir. 2007). The doctrine applies when a losing litigant in state court seeks, through a suit in federal district court, the review and reversal of a state-court judgment that was rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (*Rooker-Feldman* bars lower federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

SDCCU asserts "[t]he bankruptcy court properly found that the *Rooker-Feldman* doctrine precluded the bankruptcy court from re-examining the state court judgment." (*Id.* at 19.) The bankruptcy court determined the doctrine applied "because all of Roark's arguments focus on alleged misconduct and constitutional infirmities during the state court proceeding." (Doc. No. 1 at 8.) The bankruptcy court concluded that Roark's affirmative defenses failed under this doctrine. (*Id.*)

Roark's sole argument in his opening brief centers around an exception to the doctrine based on extrinsic fraud. (Doc. No. 8.) The Ninth Circuit recognizes a limited

6

exception to the *Rooker-Feldman* doctrine for cases of extrinsic fraud. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). The *Kougasian* court established the exception when the plaintiff alleged that the defendant had submitted a false declaration in state court at the last minute and had refused to supply the declarant's contact information, thereby preventing the federal plaintiff from deposing or interviewing the declarant. The Ninth Circuit termed the conduct "extrinsic fraud," defining it occurs when a party's conduct prevents another party from presenting his or her claim in court. *Id.* at 1140.

Roark chiefly claims that North Island Financial Credit Union ("NIFCU")—his former employer—made statements before the state court which constituted extrinsic fraud. (Doc. No. 8 at 11.) These statements included assertions to the state court that NIFCU did not control, authorize, or direct Roark to delete files on his computer. (*Id.*) Roark contends NIFCU was the party responsible for the deletion of the files, and thus the state court should not have imposed termination sanctions on him. (*Id.*) NIFCU's false remarks, Roark argues, prevented him from presenting this claim in court and establish "extrinsic and criminal fraud on the court. . . ." (*Id.* at 11–12.)

NIFCU's allegedly false remarks included telling the state court (1) they did not know Roark was working from home and that he was not authorized as such, (2) they had no knowledge Roark was deleting data from his personal home computer, (3) Roark's actions on his private computer were not under NIFCU's authority or control, (4) there was no evidence presented showing any NIFCU policy or procedure authorizing home computers or deletion of files, (5) Roark was not allowed to remotely access his work computer from home, and (6) there was no evidence that NIFCU authorized employees to work from home on a home computer. (*Id.*)

SDCCU's argument disputing extrinsic fraud occurred here is two-fold. First, SDCCU argues Roark failed to present to the bankruptcy court evidence of extrinsic fraud on the state court. (Doc. No. 9 at 19–20.) SDCCU argues NIFCU's arguments in court—the six complaints listed above—do not constitute evidence of fraud because attorneys' arguments are not evidence. The Court agrees. *Barcamerica Intern. USA Trist v. Tyfield*

*Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("the arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'" (internal citations omitted)). SDCCU also argues the other purported evidence Roark rests on is insufficient. Upon reviewing SDCCU's arguments, Roark's assertions, and the record, the Court agrees. Roark fails to show beyond conclusory inferences that NIFCU's policies directed him to destroy evidence the state court directed him by order to preserve. Proving fraud is necessarily difficult—Roark's arguments simply fail to clear the high hurdle.

Finally, SDCCU argues Roark fails to explain how NIFCU's allegedly fraudulent statements prevented him from presenting his full claim to the state court. (Doc. No. 9 at 21–23.) SDCCU notes that Roark had an opportunity to respond to NIFCU's allegedly fraudulent statement during the state court proceedings because he "participated extensively" in them. (*Id.* at 22.) But, the bankruptcy court order makes clear that Roark could not fully present these arguments to the state court because the state court entered terminating sanctions upon him—which Roark argues is the whole point. (Doc. No. 1 at 9.) Critically, however, the bankruptcy court found *even if* Roark's allegations were true, and NIFCU did present false statements to the state court, this "would constitute intrinsic fraud, which is not a grounds for relief." (*Id.*) The bankruptcy court held:

> Roark was precluded from presenting his claim in state court due to the terminating sanctions entered by the state court, not due to any fraud committed by NIFCU. There is no evidence of any extrinsic fraud on the Court that led to the terminating sanctions, which would need to be shown for the extrinsic fraud exception to apply.

(*Id.*)

Here, reviewing the bankruptcy's decision *de novo*, the Court finds no evidence warranting a different conclusion.

### IV. CONCLUSION

For the reasons stated herein, the Court finds the bankruptcy court's order granting SDCCU's motion for summary judgment was correctly decided. Accordingly, Roark's

instant appeal is **DENIED** and **DISMISSED**. (Doc. No. 1.) The Court Clerk is **DIRECTED** to enter judgment accordingly and close the case.

    **IT IS SO ORDERED.**

Dated: August 15, 2019

Hon. Anthony J. Battaglia
United States District Judge